UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 19-63 (MN) |
| | ) |
| DEBORAH VAUGHN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 2nd day of June 2022;

Before the Court is the request of Defendant, Deborah Vaughn, for release from the remaining term of her supervised release. (D.I. 17). The Government opposes the request. (D.I. 18). For the reasons that follow, the request is DENIED.

**I.    BACKGROUND**

On June 4, 2019, Defendant pleaded guilty to one count of Theft of Government funds. (D.I. 4). The charge arose out of Defendant's fraudulent receipt of Social Security funds on behalf of her deceased mother-in-law. Over the course of a decade, Ms. Vaughn illegally obtained approximately $178,000 from the federal government. On September 19, 2019, the Court sentenced her to eighteen (18) months of incarceration followed by three years of supervised release. (D.I. 15). Ms. Vaughn's supervised release began on January 15, 2021. (D.I. 17). A year later, Ms. Vaughn submitted her request to be released from supervised release "effective immediately. (*Id.*)

The only bases for release asserted are, in essence, that she has complied with the conditions of release thus far:

> On January 15, 2022, I completed one (1) full year of supervised probation. During my supervision I had no violations and I have

> adhered to all requirements issued by the court. I have made, and will continue to make, timely restitution payments monthly as ordered.

II. **DISCUSSION**

Pursuant to 18 U.S.C. § 3583(e)(l), the Court may terminate a term of supervised release after one year if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In exercising its discretion, § 3583(e)(l) directs the Court to consider the § 3553(a) sentencing factors. *See also* Fed. R. Crim. P. 32.1. "Generally, early termination of supervised release under § 3583(e)(l) should occur only when the sentencing judge is satisfied that 'new or unforeseen circumstances' warrant it." *United States v. Davies,* 746 Fed. App'x 86, 89 (3d Cir. 2018) (unpublished) (citing *United States v. Lussier,* 104 F.3d 32, 34-35 (2d Cir. 1997)). Although "new or unforeseen circumstances" is not a hard and fast requirement to justify early termination of supervised release, because the Court's sentence was "sufficient but not greater than necessary" when imposed, this Court may exercise its discretion to prevent an end-run around its original sentence unless "something [has] changed in the interim that would justify an early end to a term of supervised release." *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020); *cf. Dillon v. United States,* 560 U.S. 817, 824 (describing § 3582(c)(2) as "a narrow exception to the rule of finality").

Here, Defendant has not articulated any argument that undercuts this Court's original sentence or the bases for it. As the government pointed out in its Sentencing Memo (D.I. 10), an 18-month sentence – which represented the low end of the Guidelines – was sufficient but not greater than necessary to accomplish the goals of sentencing. Not only did the Defendant steal from the Social Security Administration ("SSA") for more than a decade, but she also lied about it repeatedly. (D.I. 10 at 2 (describing calls to SSA during which Defendant pretended to be deceased mother-in-law)). And as the government noted, Ms. Vaughn's criminal history

2

demonstrated that she has at times been "undaunted by supervised release." (D.I. 10 at 3 ("Each time that Vaughn got caught, she received a sentence of probation. And each time, she continued to recidivate.")). Each of the crimes of which Defendant had been convicted involved stealing other people's money. Given Defendant's criminal history, as well as her propensity to recidivate and victimize others, she should continue to be supervised by the U.S. Probation Office. Supervision will help keep her accountable for making her restitution payments and help to protect others from potential victimization by her. Her term of supervised release will expire on January 14, 2024.

### III.  CONCLUSION

In sum, the Court agrees that the conduct underlying Ms. Vaughn's conviction was egregious, longstanding, and offensive. In light of this and her criminal history, this Court will not second-guess its original assessment that she should be supervised for a term of three years. THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for early termination of supervised release (D.I. 17) is DENIED.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge
