UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 19-63 (MN) |
| | ) | |
| DEBORAH VAUGHN, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM ORDER

At Wilmington, this 20th day of November 2023;

Before the Court is the letter motion of Defendant, Deborah Vaughn, for release from the remaining term of her supervised release. (D.I. 20). The Government opposes the motion. (D.I. 22). For the reasons that follow, the request is DENIED.

**I.    BACKGROUND**

On June 4, 2019, Defendant pleaded guilty to one count of Theft of Government funds. (D.I. 4). The charge arose out of Defendant's fraudulent receipt of Social Security funds on behalf of her deceased mother-in-law. Over the course of a decade, Ms. Vaughn illegally obtained approximately $178,000 from the federal government. On September 19, 2019, the Court sentenced her to eighteen (18) months of incarceration followed by three years of supervised release. (D.I. 15). Ms. Vaughn's supervised release began on January 15, 2021. (D.I. 17). A year later, Ms. Vaughn submitted her request to be released from supervised release "effective immediately. (*Id.*). The Court denied that request. (D.I. 19).

The only basis for release in Defendant's current request is again, in essence, that she has complied with the conditions of release thus far:

> On January 15, 2024, I will have completed three (3) full years of supervised probation, mandated by the court. During my supervision I

>had no violations and I have adhered to all requirements issued by the court. I have made, and will continue to make, timely restitution payments monthly as ordered.

(D.I. 20).

## II.  DISCUSSION

Pursuant to 18 U.S.C. § 3583(e)(l), the Court may terminate a term of supervised release after one year if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In exercising its discretion, § 3583(e)(l) directs the Court to consider the § 3553(a) sentencing factors. *See also* Fed. R. Crim. P. 32.1. "Generally, early termination of supervised release under § 3583(e)(l) should occur only when the sentencing judge is satisfied that 'new or unforeseen circumstances' warrant it." *United States v. Davies,* 746 Fed. App'x 86, 89 (3d Cir. 2018) (unpublished) (citing *United States v. Lussier,* 104 F.3d 32, 34-35 (2d Cir. 1997)). Although "new or unforeseen circumstances" is not a hard and fast requirement to justify early termination of supervised release, because the Court's sentence was "sufficient but not greater than necessary" when imposed, this Court generally will exercise its discretion to alter the sentence only when "something [has] changed in the interim that would justify an early end to a term of supervised release." *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020); *cf. Dillon v. United States,* 560 U.S. 817, 824 (describing § 3582(c)(2) as "a narrow exception to the rule of finality").

Here, Defendant has not articulated any argument that undercuts this Court's original sentence or the bases for it. Not only did the Defendant steal from the Social Security Administration ("SSA") for more than a decade, but she also lied about it repeatedly. (D.I. 10 at 2 (describing calls to SSA during which Defendant pretended to be deceased mother-in-law)). Moreover, Ms. Vaughn's criminal history is not limited to the instant offense. It goes back many years and has included multiple instances of stealing other people's money. Given Defendant's

criminal history, as well as her propensity to recidivate and victimize others, she should continue to be supervised by the U.S. Probation Office. Supervision will help keep her accountable for making her restitution payments and help to protect others from potential victimization by her. Her term of supervised release will expire on January 14, 2024. There is no basis to end it before that time.

### III. **CONCLUSION**

In sum, Ms. Vaughn's conviction is based on egregious, longstanding, and offensive conduct. In light of this and her criminal history, this Court will not second-guess its original assessment that she should be supervised for a term of three years. THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for early termination of supervised release (D.I. 20) is DENIED.

*[signature]*
The Honorable Maryellen Noreika
United States District Judge